AMERICAN BONDING CO. OF BALTIMORE v. STRASBURGER.

(Circuit Court of Appeals, Second Circuit. February 8, 1910.)

No. 145.

1. TRIAL (§ 419*)—DEMURRER TO EVIDENCE—EXCEPTIONS TO RULING—WAIVER.
    An exception to the overruling of a motion to dismiss, made at the close of plaintiff's case, is waived by the defendant by the introduction of evidence.
    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 982; Dec. Dig. § 419.*]

2. APPEAL AND ERROR (§ 977*)—DECISIONS REVIEWABLE—DISCRETIONARY ACTION—RULING ON MOTION FOR NEW TRIAL.
    The ruling on a motion to set aside a verdict and for a new trial is not reviewable in the federal courts.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3865; Dec. Dig. § 977.*]

In Error to the Circuit Court of the United States for the Southern District of New York.

. Action by Theresa Strasburger against the American Bonding Company of Baltimore. Judgment for plaintiff, and defendant brings error. Affirmed.

Wilder, Ewen & Patterson, for plaintiff in error.
E. Hall, for defendant in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

PER CURIAM. The action was brought upon a policy of insurance by which defendant agreed to indemnify Mrs. Theresa Strasburger, therein called the "assured," in the sums of money respectively specified in a schedule therein contained, for one year, "for direct loss by burglary, theft or larceny  *  *  *  of any of the property described in the schedule hereinafter given and stated to be insured hereunder, occasioned by its felonious abstraction from the interior of the house, building, flat, apartments or rooms actually occupied by the assured  *  *  *  by any domestic servant or employé of the assured, or by any person, or persons, except the assured."

The complaint alleged that during the period covered by the policy

certain articles of jewelry, specifically set forth, belonging to herself and her two daughters, Hanna and Lillian, were stolen and removed from her residence. The plaintiff, the two daughters, and a son testified to the circumstances attending the disappearance of the property from the bureau and chiffonier drawers in which it was kept. The jury were instructed that they must be satisfied from the evidence that the property was stolen. There were no objections taken to any part of the charge, and no requests to charge were refused.

It is assigned as error that the court denied defendant's motion to dismiss the complaint made at the close of plaintiff's case. Having subsequently introduced testimony in its own behalf, defendant waived the exception reserved to such denial.

It is also contended that the court erred in denying defendant's motion to dismiss the action at the close of all the evidence. No exception was reserved to such refusal, and it cannot be considered.

It is also contended that the court erred in denying defendant's motion to set aside the verdict and for a new trial; but such denial is not reviewable by appeal in the federal courts.

All that is left are some exceptions to testimony as to value of the missing articles, which are trivial and unimportant.

The judgment is affirmed.